IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-269-GCM-DCK

| | |
|---|---|
| **DONNELL LASHON PEELE** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| **KILOLO KIJAKAZI,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the Defendant's "Motion For Summary Judgment" (Document No. 13). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that the "Motion For Summary Judgment" (Document No. 13) be granted and that the Commissioner's decision be affirmed.

## I. BACKGROUND

Donnell Lashon Peele ("Plaintiff"), appearing *pro se*, filed this action seeking judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1, pp. 1-2). On or about October 24, 2016, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning July 15, 2015. (Transcript of the Record of Proceedings ("Tr.") 51, 247, 254). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on

November 16, 2016, and again after reconsideration on February 13, 2017. (Tr. 51, 161, 169). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> On your application you stated that you are disabled because of nerve damage, spine damage, hypertension. The medical evidence shows that your condition is not severe enough to be considered disabling. We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 169).

Plaintiff filed a written request for a hearing on or about February 22, 2017. (Tr. 51, 187). On November 13, 2018, Plaintiff appeared and testified at a hearing before Administrative Law Judge Theresa R. Jenkins (the "ALJ"). (Tr. 51, 76-102). In addition, Ellen Levine, a vocational expert ("VE"), and Matthew Heim, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on February 25, 2019, denying Plaintiff's claim. (Tr. 48-62); see also (Tr. 22-36). On or about March 25, 2019, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on February 26, 2020. (Tr. 1, 246). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on May 8, 2020. (Document No. 1). The Honorable Graham C. Mullen granted *pro se* Plaintiff's motion to proceed *in forma pauperis* on July 2, 2020. See (Document Nos. 2 and 3). On September 14, 2020, the undersigned was assigned to this case as the referral Magistrate Judge.

Defendant filed its Answer and the Administrative Record on December 31, 2020. (Document Nos. 11 and 12). On January 6, 2021, Judge Mullen issued an Order directing Plaintiff

2

to file a motion for summary judgment by March 8, 2021, and for Defendant to file a motion for summary judgment by May 6, 2021.  Plaintiff has failed to file a motion for summary judgment, or any other pleading, since initiating this action on May 8, 2020.  See (Document Nos. 1 and 2). In essence, Plaintiff has wholly failed to prosecute this civil action after commencing it.

The Commissioner's "Motion For Summary Judgment" (Document No. 13) and "Memorandum In Support Of Motion For Summary Judgment" (Document No. 14) were filed May 6, 2021.  Plaintiff has failed to file a response brief, and the time to do so has lapsed.  See Local Rule 7.2 (e).

On June 10, 2021, the undersigned issued an Order advising *pro se* Plaintiff of his right to respond to Defendant's motion for summary judgment, and *sua sponte* allowing Plaintiff an extension of time – to June 24, 2021 – to make an appropriate filing.  (Document No. 15) (citing Roseboro v. Garrison, 582 F.2d 309 (4th Cir. 1975)).  Even this Roseboro notice did not prompt any action from Plaintiff.

The Defendant's pending motion is now ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to:  (1) whether substantial evidence supports the Commissioner's decision;  and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971);  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is

3

supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). "[A] reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Peace v. Berryhill, 2019 WL 2406626, at *1 (4th Cir. June 7, 2019) (quoting Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017)). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, between July 15, 2015 and the date of her decision.[1]

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous

4

(Tr. 51, 62). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 60-61).

---

period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

5

Case 3:20-cv-00269-GCM-DCK  Document 16  Filed 10/26/21  Page 5 of 9

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since July 15, 2015, his alleged disability onset date. (Tr. 53). At the second step, the ALJ found that "degenerative disc disease, cervical radiculopathy, and osteoarthritis of the bilateral hips" were severe impairments.[2] Id. At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 54-55).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform light work activity, with the following limitations:

> only occasional postural activities. The claimant should avoid workplace hazards. The claimant needs an assistive device to ambulate. The claimant must be allowed to alternate between sitting and standing up to two times each hour. The claimant is limited to occasional use of the bilateral lower extremities for pushing, pulling, and operating of foot controls. The claimant is able to follow short, simple instructions and perform routine tasks, but no work requiring a production rate or demanding pace. The claimant is able to sustain attention and concentration for two hours at a time. The claimant is limited to frequent but not continuous use of the bilateral upper extremities for reaching in all directions, including overhead.

(Tr. 55). In making her finding, the ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work. (Tr. 60). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "[c]onsidering the claimant's age, education, work experience, and residual functional capacity"

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 60-61). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a laundry folder, a cashier II, and a shipping/receiving weigher. (Tr. 61). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, between July 15, 2015, and the date of her decision, February 25, 2019. (Tr. 61-62).

As noted above, *pro se* Plaintiff initiated an appeal of the ALJ's decision finding Plaintiff not disabled by the filing of a Complaint (Document No. 1) with this Court, but has since failed to file a motion for summary judgment or otherwise make any assignments of error regarding the ALJ's decision. To be very clear, Plaintiff has done nothing since the filing of the Complaint: he has not filed a motion for summary judgment; he has not filed a response to Defendant's motion for summary judgment; he has not responded to the Court's Roseboro notice; and he has not requested additional time to make a filing.

On the other hand, in support of its motion for summary judgment, Defendant argues that substantial evidence of record supports the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act. (Document No. 14, pp. 4-11). The undersigned finds Defendant's argument to be thorough and compelling. In short, for the reasons stated in Defendant's brief, the undersigned agrees that the ALJ's decision is supported by substantial evidence. In fact, the ALJ decision here is one of the more complete and thoughtful decisions the undersigned has reviewed in some time.

Based on the foregoing, and especially in the absence of any assignment of error or argument from Plaintiff, the undersigned is persuaded that Defendant's motion for summary judgment should be granted.

7

Case 3:20-cv-00269-GCM-DCK    Document 16    Filed 10/26/21    Page 7 of 9

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Defendant's "Motion For Summary Judgment" (Document No. 13) be **GRANTED** and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 208). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the

objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

    **IT IS SO RECOMMENDED**.

Signed: October 26, 2021

_____
David C. Keesler
United States Magistrate Judge